Gaston, Judge.
The two first objections taken by the defendants on the trial have not been pressed upon the .Court in the argument here; but as they appear upon the record they must be noticed, and may with propriety be considered together. The covenant declared upon does not in terms express with whom it is made. It is a “guaranty” under the seals of the defendants “ that Woodburn will pay to Bencini all such sums of money as shall come to his hands as the agent of Peck, Wellford &. Co.,” and it was transmitted by mail on the day it bears date by Woodburn to Bencini, with an indorsation in Woodburn’s hand-writing that it should be shown to Price, one of the firm of Peck, Wellford & Co. It was objected by the defendants that upon the covenant itself it appeared to have been made with Bencini, and that the in-dorsation being the act of Woodburn alone could not be received in evidence to alter the effect of the covenant. It is not to be questioned but that the action upon this contract must be brought by the party with whom it was made, because in him is vested the legal interest in the contract. But the instrument does not in express terms declare with whom the engagement is entered into; and therefore per se must be wholly inoperative, unless we can fairly collect from the scope of the engagement therein set forth to whom the de *253 fendants became bound. We are of opinion that it.does sufficiently appear upon the face of the instrument that the contract was made with Peck, Wellford & Co. It is a contract of guaranty for the performance of a duty on the part of Woodburn growing out of his relation as agent to Peck, Wellford & Co., and affecting the disposition of their property. Now, although a covenant expressly made with A., but declared to be for the benefit of B., vests the legal interest in A., yet where the covenantee is not expressly declared, the inference of law, because the inference of reason, is that the covenant is made with him or them for whose benefit it purports to have been given. The moneys to be received by Woodburn are the moneys of Peck, Wellford & Co.—not of Bencini — and a failure to pay them to Bencini would be their loss, not his. Woodburn is the agent of Peck, Wellford & Co., not of Bencini, and they, and not he, have an interest in the fidelity of that agent. Although the moneys thus collected in the course of this agency are to be paid to Bencini yet they are to be so paid as the moneys of Peck, Wellford & Co. in discharge of a duty to them. The covenant of guaranty is therefore in legal contemplation made -with them. They could release it — .they have a right to enforce it. Entertaining this opinion, we are relieved from the necessity of a particular consideration of the second objection; for the evidence, whether competent or not, could in no way prejudice the defendants.
The next question presented to us respects the admission in evidence of the way-bills which were offered by the plaintiffs to shew the amount that had been received' for them by Woodburn, while acting as their agent. These way-bills had been made out by him and transmitted at the times they bear date to the plaintiffs or their other agents, setting forth the names of the passengers going with the way-bills and the sums by them paid for their passage money respectively. The reception of this evidence was opposed upon the ground that it amounted to no more than the declarations of Woodburn, and could not bind the present defendants. We are of opinion that the evidence was competent and proper. It is a well established rule that where a person who has peculiar means *254 0f knowing a fact, makes a declaration or a written entry of ^act,> which. is against his interest at the time, such decía-ration or entry is, after his death, evidence of the fact as be-(,Ween third persons. Warren v. Greenville, 2 Strange, 1129—Barry v. Bibbington, 4 Term Rep. 514—Higham v. Ridgway, 10 East Rep. 109—Middleton v. Multon, 10 Barn. & Cres. 317 (21 Eng. Com. Law Rep. 84.) It is true the case of Goss v. Wattington, 3 Brad. & Bing. 132 (7 Enq. Com. Law Rep. 379) the Chief Justice, in delivering the judgment of the Court, expresses an opinion (if the Reporters be correct) that receipts given by a collector for taxes t those making payment, are not to be admitted as evi- ° ■* u or against his sureties for the faithful ‘discharge of his duties, after the death of the collector. It is worthy of remark, however, that the point was one wholly immaterial to the de-of the case, and that in Middleton v. Milton the cor-rectuess of that opinion has been very strongly denied. But was a peculiar propriety in receiving the evidence here 0bjected to. It was admissible within the principle sanctioned in Goss v. Wattington, Whitmarsh v. George, 8 Barn. & Cres. 556 (15 Eng. Com. Law Rep. 295) and other cases, because it was a part oT Woodburn’s duty to'make out and transmit these bills exhibiting his receipts on account of his principals, and they were made out and transmitted in the discharge of that duty in the regular and ordinary course of business. It was the mode of accounting and charging Wood-btirn which must have been contemplated by the defendants when they guaranteed his fidelity in paying what he might collect in the course of his agency.
It is a well ruicmÍLT1 person has peculiar knowing a lion or a •written entry of ís^aftaiiíst0*1 attfie'tfme1 such ent'i7k°af-íkatí’13 de ice of the weén third persons.
It appears from the case stated, that upon the cross-examination of the witness Bencini, he was asked by the counsel for the defendants, whether he had not heard from Well-ford, one of the plaintiffs, that he'had sold his interest iti the mail contracts to one Crusenberry, and that the witness answered that he bad heard Wellford say that he had sold his interest to Crusenberry upon conditions in the summer of IS36, and that those conditions not having been complied with, he had sold that interest to Price, another of the plaintiffs: thereupon the counsel for 'the defendants insisted that *255 Wellford was improperly joined as a party plaintiff, but the court instructed the jury that Wellford’s interest in this enant was not negotiable, and that a sale oí his interest in the mail contracts could operate as a transfer only in equity. It has been urged here that the fair inference is that the sale by Wellford to Price was made either before the covenant was executed, or before Woodburn entered upon his agency for the mail contractors, or at all events before that agency was concluded by Woodburn’s death; that such sale passed the legal interest of Wellford, and that the plaintiffs could sustain no action on the guaranty, or at all events no action for the damages sustained after such sale. This court is of opinion that no such inference can be drawn by them, or could have been legitimately drawn by the jury; first, because it is distinctly stated in the case that Woodburn acted as the agent of the plaintiffs, up to the day of his death; and secondly, because the cross-examination left it wholly uncertain when the sale to Price was made. If the sale was made before the death of Woodburn, this was a fact which it was incumbent on the defendants to establish. No instruction could be asked for upon a hypothetical statement of facts; and the prima facie right of the plaintiffs to recover could not be defeated by vague conjecture. We feel it our duty therefore to dismiss the consideration of this objeción without expressing any opinion upon it.
touh'i"" 5®i”P0™ere ail-tRe^aintiff “ “.f ®fe'á°e an ooíidiUonái” eouuT'opéí rate at most lieve the tie-extent of t,ie loss (hereby ih-own upon him, '
We also forbear from considering whether there was any laches on the part of the plaintiffs in not calling Woodburn more frequently to account, or in not notifying the defendants earlier of his failure to pay over the.moneys by him ed — and also whether the instructions given by the Judge in relation to the alleged laches, and the legal consequences thereof, if shewn, were correct or incorrect. It does not pear that any evidence was offered, shewing, or tending to shew that an injury had been sustained by reason of such alleged laches. Were it admitted that the defendants could set up mere delay or want of diligence in the plaintiffs as a defence at law against an express unconditional covenant — and had such laches been ever so clearly established — it could *256 operate at'most, but to relieve the defendants, to the extent of the loss thereby thrown upon them.
The result is, that the defendants have not established any sufficient error upon which to reverse the judgment rendered below, and it must therefore be affirmed with costs.
. Per Curiam. Judgment Affirmed.